IN THE CIRCUIT COURT OF JACKSON COUNTY, ARKANSAS
CIVIL DIVISION

QUAKE LEWELLYN PLAINTIFF

V. CASE NO: CV-2016-193

SHELTER MUTUAL INSURANCE COMPANY DEFENDANT

2016 DEC 20 7:06

**ANSWER TO COMPLAINT**

Comes the Defendant, Shelter Mutual Insurance Company, by and through its attorneys, Womack Phelps Puryear Mayfield & McNeil, P.A., and for its Answer, states:

1. It admits on information and belief the residency of the Plaintiff, but denies all remaining allegations of paragraph 1.

2. It admits that it is a foreign corporation authorized to conduct business in the State of Arkansas, but denies all remaining allegations of paragraph 2.

3. It denies the allegations of paragraph 4.

4. That there is no paragraph 3 or 5 on the copy provided to counsel, but to the extent there is, it is denied.

5. It does not dispute the subject matter jurisdiction of this court and this matter appears to be filed in the proper venue, but it denies the remaining allegations of paragraph 6.

6. It is without sufficient information to admit or deny the allegations of paragraph 7 and, therefore, denies same.

7. It admits the policy number and the date of issue reflected, but denies the remaining allegations of paragraph 8.

8. That it admits only that the policy provides coverage as stated in its terms, but otherwise denies the allegations of paragraph 9.

EXHIBIT
B

9. It admits that there is reported to be an invoice from Greenway Equipment, but otherwise denies the remaining allegations of paragraph 10.

10. It admits that there was a claim number which is specified in its records, but denies the remaining allegations of paragraph 11.

11. It admits on information and belief that there was a claim of property damage which was paid on a date certain in 2016, but otherwise denies the remaining allegations of paragraph 12.

12. It denies the allegations of paragraph 13.

13. It is not precisely clear what request for reconsideration is referenced, but otherwise denies the remaining allegations of paragraph 14.

14. It is without sufficient information to admit or deny the allegations of paragraph 15 and, therefore, denies same.

15. It denies the allegations of paragraph 16.

16. It denies the allegations of paragraph 17.

17. It denies the allegations of paragraph 18 and demands strict proof of same.

18. It denies the allegations of paragraph 19 and demands strict proof of same.

19. It denies the allegations of paragraph 20.

20. It denies the allegations of paragraph 21.

21. It denies the allegations of paragraph 22.

22. It denies the allegations of paragraph 23.

23. It denies the allegations of paragraph 24.

24. It denies the allegations of paragraph 25 and demands strict proof of same.

25. It denies the allegations of paragraph 26 and demands strict proof of same.


26. Paragraph 27 is a jury demand, but to the extent a response is required, it is denied.

27. Paragraph 28 does not require a response, but to the extent it does, it is denied.

28. It denies all other allegations not admitted, explained, or denied herein.

29. It pleads the provisions of the policy and exclusions under the policy including, but not limited to:

a. "We will not cover risk of direct physical loss to covered property unless the loss is caused by a peril that is excluded. . ."

b. "We do not pay for a loss if one or more of the perils excluded in parts 1 and 2 below apply to the loss. Such losses are excluded regardless of other causes or events that contribute to or aggravate the loss, whether such causes or events act to produce the loss before, at the same time as, or after the excluded peril.

1. We do not pay for a loss caused by or results from: . . . .

. . . .

d. Foreign objects that are picked up and taken into farm machinery."

c. The application of any deductible provision.

d. The application of loss payee provisions.

30. The policy contains several loss payees and Plaintiff has, thereby, failed to name all parties who may claim an interest in the property, such that this matter should be dismissed.

31. Defendant pleads the application of policy provisions on change, modification, or waiver.

32. Plaintiff has failed to state a claim upon which relief can be granted.

33. The payment upon which Plaintiff relies occurred after the insurance contract was made, but concerned a previous policy insurance contract, barring any claims for course of conduct or course of dealing.

34. "The doctrine of waiver or estoppel cannot be given the effect of enlarging or extending coverages to find in the contract, nor can it create a contract of insurance, since the cause of action cannot be based upon waiver." See People's Protective Life Insurance v. Smith, 514 S.W.2d 400 (Ark. 1974).

35. Defendant pleads that a valid basis for denial of coverage existed and that if in good faith, such that the bad faith claim should be dismissed.

36. Defendant affirmatively plead that Plaintiffs' claim for punitive damages cannot be sustained because an award of punitive damages under Arkansas law by a jury does not provide constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award.

37. Defendant affirmatively pleads that Plaintiffs' claim for punitive damages against all or any of this Defendant is barred, in whole or in part, because an award of punitive damages under Arkansas law would violate the Defendant's due process rights and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3, & 8 of the Arkansas Constitution.

38. Defendant affirmatively pleads that Plaintiffs' claim for punitive damages cannot be sustained because Arkansas law regarding the standards for determining liability for and the amount of punitive damages fail to give the Defendant prior notice of the conduct for which punitive damages may be imposed, and the severity of the penalty that may be imposed, and are void for

vagueness in violation of these Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3, and 8 of the Arkansas Constitution.

39. Defendant affirmatively pleads that Plaintiffs' claim for punitive damages cannot be sustained because Arkansas law fails to establish necessary constitutional procedures to protect against the risk of a jury awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part directly on the basis of injury upon non-parties in violation of these Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3, and 8 of the Arkansas Constitution. *See Philip Morris USA v. Williams,* 549 U.S. ____ (February 20, 2007).

40. Defendant affirmatively asserts that Plaintiffs' claims for punitive damages against this Defendant cannot be sustained, because an award of punitive damages under Arkansas law, subject to no predetermined limit, such as a maximum multiple of compensatory damages, or a maximum amount on the amount of punitive damages that may be imposed, would violate these Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3, and 8 of the Arkansas Constitution.

41. Defendant affirmatively pleads that Plaintiffs' claims for punitive damages against this Defendant cannot be sustained, because an award of punitive damages under Arkansas law which allows Plaintiff to prejudicially emphasize the corporate status of any of these separate Defendant violates such Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3, and 8 of the Arkansas Constitution, and would be improper under the common law and public policy of Arkansas.

42. Defendant affirmatively asserts that Plaintiffs' claim for punitive damages against this Defendant cannot be sustained because any award of punitive damages made under a process which fails to bifurcate the issue of punitive damages from the remaining issues would violate the separate Defendant' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3, and 8 of the Arkansas Constitution, and would be improper under the common law and public policy of Arkansas.

43. Defendant affirmatively asserts that Plaintiffs' claim for punitive damages cannot be sustained by a jury that (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award, (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award for punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth and corporate status of Defendant, (4) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part directly on the basis of injury upon non-parties, (5) is not provided constitutionally adequate procedures to protect against the risk of an award of punitive damages that seeks to punish a defendant for having caused injury to others, (6) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, (7) is not properly instructed regarding Plaintiff's burden of proof with respect to each and every element of a claim for punitive damages, and (7) is not subject to trial court and appellate judicial review for reasonableness and furtherance

of legitimate purposes on the basis of constitutionally adequate and objective standards. This would violate Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and Article II, Sections 2, 3 and 8 of the Arkansas Constitution, and would be improper under the common law and public policy of Arkansas.

44. Defendant affirmatively asserts that Plaintiffs' claim for punitive damages against this Defendant cannot be sustained because any award of punitive damages made under a process which fails to protect against the risk of a jury awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, to punish Defendant for having caused injury to non-parties would violate the Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3, and 8 of the Arkansas Constitution, and would be improper under the common law and public policy of Arkansas. *See Philip Morris USA v. Williams,* 549 U.S. ____ (February 20, 2007).

45. Plaintiff's claim for punitive damages against Defendant cannot be sustained, because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Defendant for punitive damages, would constitute impermissible multiple punishments in violation of Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and Article II, Sections 2, 3 and 8 of the Arkansas Constitution.

46. Defendant alternatively moves for bifurcation of the punitive damages claim.

47. Defendant pleads all defenses permitted by Rules 8 and 12 of the Arkansas Rules of Civil Procedure and its Federal counterpart.

48. That Defendant reserves the right to plead further herein including, but not limited to, filing an amended answer.

WHEREFORE, premises considered, Defendant prays the Complaint filed against it be dismissed, for its costs and attorneys fees herein, and for any and all other proper relief.

Respectfully submitted,

Mark Mayfield (Bar No. 93180)
WOMACK, PHELPS
PURYEAR MAYFIELD & McNEIL, P.A.
Post Office Box 3077
Jonesboro, Arkansas 72403
Phone: (870) 932-0900
Fax: (870) 932-2553
mmayfield@wpmfirm.com

By: ______________________
Attorneys for Defendant,
Shelter Mutual Insurance Company

**JURY DEMAND**

Defendant, Shelter Mutual Insurance Company, demands a jury trial of all issues triable thereby.

______________________
Mark Mayfield (Bar No. 93180)
WOMACK PHELPS
PURYEAR MAYFIELD & McNEIL, P.A.
P.O. Box 3077
Jonesboro, AR 72403
Telephone (870) 932-0900
Fax (870) 932-2553
mmayfield@wpmfirm.com

**CERTIFICATE OF SERVICE**

I certify that service of the above and foregoing pleading was made by mailing a copy of same to the following attorneys of record on this 9th day of December, 2016:

John D. Pettie
PETTIE & MEITZEN, PLLC
P.O. Box 1618
Newport, AR 72112

Mark Mayfield