IN THE CIRCUIT COURT OF JACKSON COUNTY, ARKANSAS
CIVIL DIVISION

QUAKE LEWELLYN                                                                    PLAINTIFF

VS.                        CASE NO.: CV 2016-193

SHELTER MUTUAL INSURANCE COMPANY                                   DEFENDANT

## COMPLAINT

COMES now the Plaintiff, by and through his attorneys, Pettie & Meitzen, PLLC, and for his Complaint against Defendant, states:

### I. VENUE & JURISDICTION

1. That Plaintiff Quake Lewellyn (hereinafter "Plaintiff") is an individual and a resident of Jackson County, Arkansas.

2. That Defendant Shelter Mutual Insurance Company (hereinafter "Shelter") is a foreign for-profit corporation conducting business in the state of Arkansas.

4. That the act(s) and/or omission(s) which gave rise to this lawsuit occurred in Jackson County, Arkansas.

6. That, in light of the foregoing, this Court is the proper venue and has jurisdiction over the subject matter and persons herein described.

### II. FACTS

7. That the Plaintiff is engaged in row crop farming operations in Jackson County, Arkansas.

EXHIBIT
A

8. That Plaintiff obtained from Defendant and Defendant issued to Plaintiff a policy of insurance described as Inland Marine Policy No. 03-95-7877304-1, effective March 24, 2016, a copy of which is attached hereto as **Exhibit A** and incorporated herein by reference.

9. That the afore-described policy included coverage for a John Deere 9870 STS Combine (hereinafter the "Combine").

10. That on or around October 10, 2016, Plaintiff's Combine suffered extensive internal damage, the repair bill for which is currently $24,627.17. An Invoice from Greenway Equipment, Inc., who conducted the repairs, is attached hereto as **Exhibit B** and incorporated herein by reference.

11. That Defendant ascribed to the claim for the damage described in the preceding paragraph Claim No. PI00000001716990, and denied said claim, denying that coverage for the loss exists under the policy.

12. Defendant has denied said claim despite having paid an identical claim, similar in dollar amount, in July of 2016 arising from an identical loss occurring in November of 2015 under a previous policy of insurance substantially similar to that now in force.

### III. COUNT ONE-BREACH OF CONTRACT

13. That Defendant has engaged in a course of conduct and dealing sufficient to waive any policy provision under which it may now deny coverage for the present claim, and should be estopped from so denying the present claim.

14. That despite Plaintiff's claim and request for re-consideration Defendant has twice denied Plaintiff's claim.

15. That after the damage to the Combine on or around October 10, 2016, agents of Defendant assured Plaintiff that coverage existed and said claim should be paid by Defendant.

16. That Plaintiff reasonably and necessarily relied upon the Defendant's past course of dealing and Defendant's agents' representations regarding coverage.

17. That Defendant has improperly denied Plaintiff's claim for the loss, Plaintiff is damaged by said denial, and Defendant is therefore in material breach of contract.

18. Therefore, Plaintiff should be awarded $24,627.17 for the loss, together with all other such damages, costs, expenses, fees, and interest allowable under the applicable law.

19. Additionally, should Plaintiff prevail in this claim within 20% of the amount claimed, Plaintiff should be awarded 12% in additional damages per Ark. Code Ann. § 23-79-208(d).

## IV. COUNT TWO-TORT OF BAD FAITH

20. That Defendant has wrongfully denied the Plaintiff full compensation under the policy.

21. That Defendant knew or should have known that Plaintiff would rely on its past course of conduct and dealing under the policy and the representations of its agents.

22. That the Defendant's behavior constitutes an attempt by the carrier to avoid its liability under the policy as agreed by the parties and solidified by past course of dealing.

23. That because Defendant is a licensed insurer with agents in the State of Arkansas, Plaintiff reasonably relied upon its past course of dealing and the representations of its agents.

24. That due to the Defendant's improper denial, Plaintiff has not been compensated for the loss, and is therefore injured in an amount equal to the total loss and other damages suffered.

25. That Plaintiffs should be awarded compensatory damages in the amount of $24,627.17 for bad faith.

26. That Defendants' conduct was willful or wanton and therefore punitive damages should be awarded in an amount exceeding the amount required for federal diversity jurisdiction for the tort of bad faith.

## V. REQUEST FOR JURY TRIAL / AMENDMENT

27. That Plaintiff requests a trial by jury.

28. That Plaintiff expressly reserves the right to amend this Complaint to assert or withdraw additional damage claims and causes of action as discovery progresses and additional facts and circumstances become known.

WHEREFORE, Plaintiff prays:

1) for Judgment against Defendants in the amount of $24,627.17 representing the amount of loss due to the Plaintiff for the Defendant's acts which constituted;

    a) breach of contract, and/or/ or alternatively;

    b) bad faith;

2) for an additional award of 12% on any sum adjudged by this Court that is within 20% of the amount claimed by Plaintiff on the policy per Arkansas Code Annotated § 23-79-208(d);

3) for punitive damages in amount exceeding the amount which is required for federal diversity jurisdiction;

4) for all incidental and consequential damages that are proven at trial;

5) for pre-judgment and post-judgment interest at the highest rate permitted by law;

6) for attorney's fees and costs; and for any and all other relief to which Plaintiff, may be entitled at law or equity, whether or not specifically prayed for herein.

*Respectfully submitted,*

Quake Lewellyn, Plaintiff
By his attorneys:

PETTIE & MEITZEN, PLLC
P.O. Box 1618
Newport, AR 72112
(870) 201-1600
(800) 350-1065 Fax
john@pettieandmeitzen.com

By: _____
John P. Pettie
Arkansas Bar No. 2009188

## VERIFICATION

STATE OF ARKANSAS

COUNTY OF JACKSON

I, Quake Lewellyn, Plaintiff herein, state upon oath that the statements contained in the above and foregoing pleading and all exhibits and attachments thereto are true and correct to the best of my knowledge and belief.

_____
Quake Lewellyn

SWORN AND SUBSCRIBED before me, a Notary Public, this 21st day of November, 2016.

_____
Notary Public

My Commission Expires:
9/17/23